LAW OFFICES OF TODD B. SEROTA
TODD B. SEROTA, State Bar No. 109875
Email: tserota@alum.mit.edu
1601 N. Sepulveda Blvd., #793
Manhattan Beach, California 90266
Telephone: (310) 200-5928

Attorneys for Plaintiffs Cheerpop, Inc. and
L.A. Lucky Import Export, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEERPOP, INC., a California Corporation, and L.A. LUCKY IMPORT EXPORT, INC., a California Corporation<br><br>        Plaintiffs,<br><br>    v.<br><br>SPINDRIFT BEVERAGE CO., INC., a Massachusetts corporation; and DOES 1 through 10<br><br>        Defendants. | Case No. 2:26-CV-7108<br><br>**COMPLAINT FOR:**<br><br>**1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK AND NO UNFAIR COMPETITION;**<br>**2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHTS**<br>**3) DECLARATORY JUDGMENT OF NON-VIOLATION OF RELATED CALIFORNIA AND OTHER STATE LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This is an action brought by Cheerpop, Inc. ("CHEERPOP") and L.A. Lucky Import Export, Inc. ("L.A. LUCKY")(collectively "Plaintiffs") against Defendant

Spindrift Beverage Co., Inc.'s ("SPINDRIFT" or "Defendant") and Does 1 through 10 seeking declaratory judgment of non-infringement of trade dress and copyrights, lack of unfair competition and non-violation of related California and other state laws.

Plaintiffs for their complaint allege, upon personal knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq. and ancillary jurisdiction principles.

2.    This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as there exists an actual controversy within this Court's jurisdiction between Plaintiffs and Defendant regarding whether Plaintiffs' product packaging infringes Defendant's alleged trade dress/trademark rights and copyrights, constitutes unfair competition and violates related California and other rights.

3.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its threatened enforcement actions at Plaintiffs, who are located in California, and because Defendant transacts business in California and has sufficient minimum contacts with California such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this district, including Plaintiffs' design, marketing, and sale of their

Cheerpop-branded beverages, and Defendant's threatened litigation against Plaintiffs in this district.

## THE PARTIES

5.      Plaintiff CHEERPOP is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 5675 Rickenbacker Road, Bell, California 90201.

6.      Plaintiff L.A. LUCKY is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 5699 Rickenbacker Road, Bell, California 90201.

7.      Upon information and belief, Defendant SPINDRIFT is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 55 Chapel St., Suite 401, Newton, MA 02458.

8.      The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive are unknown to Plaintiffs, which therefore sues said Defendants by said fictitious names, and Plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of said Defendants designated herein as Doe participated with one or more of the other Defendants named herein to commit the acts alleged herein, and as a result, has caused damage to Plaintiffs.  Where applicable, the term "Defendant" shall be deemed to include appropriate Doe Defendants.

//

//

//

//

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

## BACKGROUND FACTS

9.      CHEERPOP and L.A. LUCKY are affiliated companies engaged in the business of producing, marketing, and selling fruit-flavored sparkling sodas under the CHEERPOP brand name.

10.      SPINDRIFT is a producer of flavored sparkling waters and sodas. SPINDRIFT claims to have developed a nationwide reputation for high-quality sparkling waters, sodas, and similar beverages flavored with real squeezed fruit. Since at least August 2016, SPINDRIFT has sold its sparkling waters in packaging that SPINDRIFT claims constitutes distinctive trade dress.  SPINDRIFT asserts that the overall appearance of its packaging design, including a two-color backdrop, central circular design device, brand name, flavor designation, and the colors, stylization, and arrangement of these elements, serves as a unique, source-identifying trade dress.

11.      SPINDRIFT asserts that it owns multiple trademark registrations with the United States Patent and Trademark Office for various aspects of its packaging design.  SPINDRIFT also claims to own copyright registrations for images appearing on its product packaging.

12.      On March 20, 2026, Leo Kittay of the law firm Fross Zelnick Lehrman & Zissu, P.C. sent a letter on behalf of SPINDRIFT to Larry Nguyen, General Manager and Registered Agent of CHEERPOP, and to George Anh Nguyen, Registered Agent of L.A. LUCKY, attached hereto as Exhibit A.  In the letter, SPINDRIFT's counsel alleged that CHEERPOP and L.A. LUCKY were using product packaging for their CHEERPOP-branded canned beverages that "constitutes a blatant copy of Spindrift's well-known trade dress."  SPINDRIFT's counsel claimed that CHEERPOP's packaging (referred to as the "Infringing Packaging") adopted nearly every element of SPINDRIFT's trade dress, including a two-color backdrop, a centered circular design device featuring hand-drawn style sketches of fruit, and placement of the brand name in a matching location.

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

SPINDRIFT's counsel further alleged that the packaging used by CHEERPOP and L.A. LUCKY infringed SPINDRIFT's carton design.  The letter asserted that CHEERPOP's and L.A. LUCKY's use of their packaging constituted trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and violated related California and other state laws.  SPINDRIFT's counsel also alleged that CHEERPOP's and L.A. LUCKY's packaging violated SPINDRIFT's exclusive rights under the Copyright Act of 1976.  In the letter, SPINDRIFT demanded that CHEERPOP and L.A. LUCKY immediately and permanently cease all use of their packaging, agree never to use any packaging confusingly similar to SPINDRIFT's trade dress, provide an accounting of all sales to date, and provide a current list of all packaging inventory.  SPINDRIFT requested a response by no later than March 30, 2026, and threatened to file suit in the United States District Court for the Central District of California if CHEERPOP and L.A. LUCKY did not comply.

13.     While Plaintiffs did not believe that their original can design infringed or violated any of SPINDRIFT's rights, in response TO SPINDRIFT's March 20, 2026 letter, and in the spirit of cooperation and to avoid a lengthy court battle, CHEERPOP and L.A. LUCKY modified their can design, addressing the items about which SPINDRIFT complained.  CHEERPOP and L.A. LUCKY very specifically DID NOT admit any infringement in connection with their original packaging design.  On April 21, 2026, Plaintiffs' counsel provided Mr. Kittay with a partial mockup of the modified can design showing some of the key elements.  In late May, 2026, CHEERPOP and L.A. LUCKY launched the modified can design nationwide in Target stores, at which point SPINDRIFT was fully aware of the totality of the modified can design (the "Revised Can Packaging").  The Revised Can Packaging included changes such as presenting the brand name in all lowercase, using a gradual color transition between the white background in the upper half of the can and the colored background on the lower half (SPINDRIFT's

design has a hard line between the white and colored part of its can), centered hand-drawn imagery of the relevant fruit with no semi-circular writing around the fruit, and including a product descriptor in centered, yellow-colored text in the lower part of the can.

14.    On June 9, 2026, Mr. Kittay sent a second letter to Todd B. Serota, Esq., counsel for CHEERPOP and L.A. LUCKY, attached hereto as Exhibit B.  In the letter, Mr. Kittay asserted that the Revised Can Packaging still infringed SPINDRIFT's trade dress and copyrights.  Mr. Kittay claimed that the Revised Can Packaging "similarly infringes the Spindrift Can Trade Dress" because it continues to feature elements that are identical to or highly similar to elements that comprise SPINDRIFT's claimed trade dress.  Mr. Kittay expressed concern that CHEERPOP and L.A. LUCKY "do not have a good-faith intent to resolve this matter" because they made the design changes and began selling the redesigned product in Target stores without first consulting with SPINDRIFT, even though Plaintiffs were certainly under no obligation reveal their marketing plans to a competitor.  Mr. Kittay stated that the modifications did not resolve SPINDRIFT's claims of copyright or trademark infringement and demanded that CHEERPOP and L.A. LUCKY make additional modifications to the Revised Can Packaging. SPINDRIFT also demanded confirmation that all inventory of the prior box design had been exhausted and that CHEERPOP and L.A. LUCKY had no plans to sell CHEERPOP canned beverages in cartons containing the original box design. SPINDRIFT requested a response by no later than June 19, 2026, and threatened to "take whatever action is necessary to protect its valuable trademarks and intellectual property" if CHEERPOP and L.A. LUCKY failed to immediately cooperate.

15.    On June 23, 2026, Mr. Serota sent a detailed response to Mr. Kittay's June 9, 2026 letter.  He stated that CHEERPOP and L.A. LUCKY "completely disagree" that the modified design infringes SPINDRIFT's trade dress or

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory
Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and
Other State Laws

copyrights. Mr. Serota explained that there are basic elements that appear on virtually every can of sparkling water or fruit soda, including company name, flavor, product description, a picture of the fruit in the general center of the can, and multiple colors, usually white and a color representing the fruit. He asserted that SPINDRIFT does not have exclusive rights to every design that contains these common elements, that SPINDRIFT's rights are limited to its specific combination of these elements in a particular arrangement and when the designs are viewed as a whole, the CHEERPOP Revised Can Packaging creates a materially different commercial impression from SPINDRIFT's packaging. Mr. Serota provided a detailed comparison of design elements between SPINDRIFT's packaging and CHEERPOP's Revised Can Packaging, highlighting numerous differences in color arrangement, flavor placement, product description presentation, fruit imagery, and overall visual impression. He noted that the SPINDRIFT design has white at the top and a fruit color on the bottom with a hard line between the colors, while the modified CHEERPOP design has a soft gradual transition between white and color, with more color than white, creating a different visual balance. Mr. Serota went on to explain that on the SPINDRIFT design, the flavor designation appears prominently at the very top of the can within the white portion, whereas on the modified CHEERPOP design, the flavor is in the colored portion, below the picture of the fruit, near the bottom of the can. He continued, explaining that the modified CHEERPOP design includes a circumferential band at the top that is the same color as the color on the bottom of the can, a feature absent from SPINDRIFT's packaging. With respect to product identification, Mr. Serota explained that Spindrift uses semi-circular text around the fruit image, while the modified CHEERPOP design uses horizontal text well below the fruit image, with no curved text surrounding the fruit imagery. He also described substantial differences in the fruit imagery, noting that SPINDRIFT drinks usually consist of multiple flavors with large cross-section images cut in half by the hard dividing

7

line between colors, while CHEERPOP drinks are single-flavor with smaller fruit images in the soft color transition area.  Mr. Serota provided a comparison document showing the SPINDRIFT and modified CHEERPOP can designs alongside 13 can designs of 9 other similar products in the marketplace.  The comparison document demonstrates that all of the design elements to which SPINDRIFT claims proprietary rights are present in numerous other designs throughout the marketplace.  Mr. Serota argued that the prevalence of these features throughout the marketplace confirms that they are common industry design conventions rather than elements uniquely associated with Spindrift.  He noted that CHEERPOP's modified design is much closer to several other marketplace designs than it is to the SPINDRIFT design and specifically drew attention to some of those designs, which clearly share more similarities with SPINDRIFT's design than CHEERPOP's modified design does.  Mr. Serota warned that if SPINDRIFT continues to contend that the modified design infringes, such a contention could result in SPINDRIFT losing whatever trade dress rights it has in its can design due to acquiescence to other confusingly similar marks in the marketplace.  He argued further that when consumers are presented with the wide range of existing beverage packaging using similar design elements, they will not perceive the modified CHEERPOP design as originating from the same source as SPINDRIFT's products.  With respect to the new shipping box, Mr. Serota provided images showing that the box contains only words and no pictures of the product.  Finally, Mr. Serota advised that as of June 10, 2026, CHEERPOP and L.A. LUCKY had the following quantities of the old shipping box design remaining in inventory: Lychee – 90 boxes, Mango – 100 boxes, Passionfruit – 70 boxes, and Yuzu White Peach – 100 boxes.  Mr. Kittay had previously agreed that notwithstanding SPINDRIFT's contention of infringement with regard to these boxes, SPINDRIFT was okay with CHEERPOP using them up because consumers would never see them.

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

16.    Despite Plaintiffs' detailed explanation of the non-infringing nature of their packaging and their good-faith redesign efforts, SPINDRIFT has not withdrawn its infringement allegations.  SPINDRIFT has repeatedly threatened to file suit against Plaintiffs, one time specifically in this Court, for alleged trade dress infringement and copyright infringement.  SPINDRIFT's threats of litigation have created an actual, substantial, and continuing controversy between the parties regarding whether Plaintiffs' CHEERPOP packaging infringes SPINDRIFT's claimed trade dress rights and copyrights.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Plaintiffs have a genuine and reasonable apprehension that SPINDRIFT will file an infringement suit against them if this Court does not resolve the controversy through declaratory relief.  Plaintiffs are suffering ongoing harm and uncertainty in their business operations due to SPINDRIFT's unresolved infringement allegations and threats of litigation.  Plaintiffs need and are entitled to a judicial determination that their CHEERPOP packaging does not infringe any valid trade dress rights or copyrights held by SPINDRIFT, does not constitute unfair competition and does not violate any related California or other state laws.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of Trademark/Trade Dress and No Unfair Competition)**

17.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-16 of this Complaint as though fully set forth herein.

18.    An actual controversy exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiffs' CHEERPOP packaging infringes Defendant's claimed trademark/trade dress rights and constitutes unfair competition under federal and state law.

19.     Defendant has asserted, *inter alia*, that Plaintiffs' packaging constitutes trademark/trade dress infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

20.     Defendant has repeatedly threatened to file suit against Plaintiffs, including in this Court, if Plaintiffs do not cease using their packaging and comply with Defendant's demands.

21.     Plaintiffs' CHEERPOP packaging does not infringe any valid trademark/trade dress rights held by Defendant and does not constitute unfair competition because:

      a.  The design elements in Plaintiffs' packaging are common to the industry and appear on numerous other beverage products in the marketplace;

      b.  Plaintiffs' packaging creates a materially different overall commercial impression than Defendant's packaging when viewed as a whole;

      c.  The specific arrangement, color scheme, typography, imagery, and visual presentation of Plaintiffs' packaging differ substantially from Defendant's packaging;

      d.  Defendant's claimed trade dress elements are not inherently distinctive or protectable;

      e.  Consumers are not likely to be confused as to the source, sponsorship, or affiliation of Plaintiffs' products;

      f.  Plaintiffs have not copied any protectable trade dress elements from Defendant.

22.     Plaintiffs are entitled to a declaration that their CHEERPOP packaging does not infringe any valid trademark/trade dress or rights held by Defendant under federal or state law and does not constitute unfair competition.

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

23.     A judicial declaration is necessary and appropriate to resolve the actual controversy between the parties and to provide Plaintiffs with certainty regarding their rights to use their packaging in commerce.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Copyrights)

24.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-23 of this Complaint as though fully set forth herein.

25.     An actual controversy exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiffs' CHEERPOP packaging infringes Defendant's claimed copyright rights under the Copyright Act, 17 U.S.C. § 101 et seq.

26.     Defendant has asserted that Plaintiffs' packaging violates Defendant's exclusive rights as owner of copyrights in and to certain packaging designs.

27.     Defendant has repeatedly threatened to file suit against Plaintiffs for copyright infringement if Plaintiffs do not cease using their packaging and comply with Defendant's demands.

28.     Plaintiffs' CHEERPOP packaging does not infringe any valid copyrights held by Defendant because:

   a.  Plaintiffs independently created their packaging designs without copying any copyrighted works of Defendant;

   b.  The elements of Plaintiffs' packaging that may be similar to Defendant's packaging consist of unprotectable ideas, concepts, and standard industry design conventions;

   c.  Plaintiffs' packaging is not substantially similar to any copyrighted works owned by Defendant;

   d.  Any similarities between Plaintiffs' packaging and Defendant's packaging are limited to unprotectable elements or scenes a faire.

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

29.    Plaintiffs are entitled to a declaration that their CHEERPOP packaging does not infringe any valid copyrights held by Defendant.

30.    A judicial declaration is necessary and appropriate to resolve the actual controversy between the parties and to provide Plaintiffs with certainty regarding their rights to use their packaging in commerce.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Violation of Related California and Other State Laws)**

31.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-30 of this Complaint as though fully set forth herein.

32.    An actual controversy exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiffs' CHEERPOP packaging violates related California and other state laws.

33.    Defendant has asserted that Plaintiffs' packaging violates related California and other state laws.

34.    Defendant has repeatedly threatened to file suit against Plaintiffs, including in this Court, if Plaintiffs do not cease using their packaging and comply with Defendant's demands.

35.    Plaintiffs' CHEERPOP packaging does not violate related California and other state laws because:

   a. The design elements in Plaintiffs' packaging are common to the industry and appear on numerous other beverage products in the marketplace;

   b. Plaintiffs' packaging creates a materially different overall commercial impression than Defendant's packaging when viewed as a whole;

12

c.  The specific arrangement, color scheme, typography, imagery, and visual presentation of Plaintiffs' packaging differ substantially from Defendant's packaging;

d.  Defendant's claimed elements are not inherently distinctive or protectable;

e.  Consumers are not likely to be confused as to the source, sponsorship, or affiliation of Plaintiffs' products;

f.  Plaintiffs have not copied any protectable elements from Defendant.

36.  Plaintiffs are entitled to a declaration that their CHEERPOP packaging does not violate related California and other state laws.

37.  A judicial declaration is necessary and appropriate to resolve the actual controversy between the parties and to provide Plaintiffs with certainty regarding their rights to use their packaging in commerce.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

1.  Declaring that Plaintiffs' CHEERPOP packaging does not infringe any valid trademark/trade dress rights held by Defendant and does not constitute unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), or under any state law;

2.  Declaring that Plaintiffs' CHEERPOP packaging does not infringe any valid copyrights held by Defendant under the Copyright Act, 17 U.S.C. § 101 et seq.;

3.  Declaring that Plaintiffs' CHEERPOP packaging does not violate any related California or other state laws;

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws

4.      Awarding Plaintiffs their costs of suit.

5.      Awarding Plaintiffs their attorney's fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, or as otherwise permitted by law;

6.      Awarding Plaintiffs such other and further relief as the Court deems just and proper.

DATED:  June 30, 2026                    LAW OFFICES OF TODD B. SEROTA


By _____/s/ Todd B. Serota_____
         TODD B. SEROTA

Attorneys for Plaintiffs Cheerpop, Inc. and L.A. Lucky Import Export, Inc.

14

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury on all issues in this action so triable.

DATED:  June 30, 2026          LAW OFFICES OF TODD B. SEROTA


By _____/s/ Todd B. Serota_____
          TODD B. SEROTA
Attorneys for Plaintiffs Cheerpop, Inc. and L.A. Lucky Import Export, Inc.

Complaint For 1) Declaratory Judgment of Non-infringement of Trademark and No Unfair Competition; 2) Declaratory Judgment of Non-infringement of Copyrights; and 3) Declaratory Judgment of Non-Violation of Related California and Other State Laws